OPINION OF THE COURT
John G. Connor, J.
Petitioners herein move under CPLR article 78 in the nature of a writ of prohibition, alleging that the respondent, the New York State Department of Education and Office of Professional Discipline, is not authorized to act. Petitioners further contend that the method used by respondent (hereinafter referred to as Agency) is in violation of the Fifth and Fourteenth Amendments of the United States Constitution contrary to the due process clause. The Agency asserts authorization to act under section 6510 of the New York State Education Law.
The procedure herein challenged by the Agency is as follows:
An investigator employed by the Agency routinely and at random inspects pharmacies throughout the State. Where the investigator finds substantial evidence of a minor or technical violation, he then informs the Agency and the Agency in turn advises by letter a multiple list of violations as so found by the inspector and the amount of the proposed penalty for each violation.
*415 Under the proposed form letter, the pharmacy or pharmacist is offered three choices or alternatives in which he may act:
Option No. I provides: If the recipient does not contest the charges, he may simply remit the amount of penalties as periodically set by the Agency.
Option No. II provides: If the recipient wishes to make a statement in mitigation or explanation, the recipient may appear at a meeting before the violations committee as set by the Pharmacy Board Violations Committee. The notice then points out that such committee will not be bound by the monetary penalties as previously set, but may increase or decrease the penalties (not to exceed $500 for each violation). In addition, the recipient is notified that the committee may issue a censure and reprimand for the violation.
Option No. Ill provides: If the recipient wishes to contest the charges, he will then be served with a formal notice of hearing and statement of charges and a full adversary hearing will take place in accordance with the New York State Education Law. The recipient is then advised under the third option, subject to the full range of penalties — including possible revocation or suspension of your license to practice pharmacy in New York State and/or fines up to $10,000 for each violation.
A cursory review of the above three “options” informs such recipient in such manner that the three options are graduated in nature and any consequential effect may result in more severe penalty and/or forfeiture of license.
The issue presented herein is whether the aforesaid procedure (with its three options) is within the purview of section 6510 (subd 2, par a) of the Education Law.
Section 6510 of the New York State Education Law specifically addresses itself to substantial violations of a minor or technical nature under paragraphs a, b and c of subdivision 2.
Section 6510 (subd 2, par a) provides for the initial instance of any violation of a minor or technical nature it may be resolved by the issuance of an administrative hearing pursuant to paragraph b of this subdivision. Para *416 graph b provides for a warning without penalty. The procedure as now carried out by the Agency is to first assess a penalty before such alleged violations are referred to the violations committee. Section 6510 (subd 2, par c) entitled, “Determination of penalty on uncontested minor violations” provides, inter alia, that such charges shall include a statement that unless an answer is received within 20 days denying the charges, the matter shall be referred to a violations committee consisting of five members of the State board for the profession, at least one of whom shall be a public representative for determinations. Section 6510 (subd 2, par c) addresses itself as to where a determination of a penalty is made, by referring such matters first to a violations committee. Inclusive to the main issue before this court, is the question of procedural due process as to whether the Agency can first assess a penalty and then refer the matter to the violations committee to determine what action will be taken.
The notice, as prepared by the Agency, fails to inform the recipient that he will be given at least 15 days’ notice of the time and place of the meeting of the violations committee and the recipient shall have the right to appear in person and by an attorney (Education Law, § 6510, subd 2, par c).
The notice is also drafted in a style as to coax the recipient into not contesting the charges, rather than take his chances under the alternatives. While the notice warns the recipient of possible further penalties (censure, reprimand and loss of license) it conversely fails to warn any consequential results in not contesting the matter. Colloquially speaking, the options are so presented as to “make an offer you cannot refuse.”
To condone the present procedure, would be in the opinion of the court, to ignore the safeguards of constitutional due process. To allow the Agency the option to assess first as to a possible criminal involvement is to negate the statutory intent that no fine be set until the alleged violator has had an opportunity to appear before the violations committee. The general rule regarding due process is set forth in New York Jurisprudence (2d ed, vol 20, Constitutional Law, § 392, p 563): “Procedural due process amountsto a guaranty that there will be no deprivation of life, *417 liberty, or property by arbitrary methods, to the extent that such methods involve the procedure by which the deprivation is effected.” Again at page 590 under “Hearing”, section 406 states: “A hearing must be available as a matter of right, and not as a matter of favor.” (20 NY Jur 2d, Constitutional Law.)
The procedure as carried out by the Agency herein does provide for a hearing. But such hearing is subsequent to a predetermined assessment. The pharmacist is then given the option to assert his right as against a penalty previously decided. In People v Henriques & Co. (267 NY 398, 402) the court stated, “The courts can never grant judgment depriving a defendant of his liberty or property unless there has been opportunity to defend the action. Without opportunity to meet a charge, there is no due process of law. (Hovey v. Elliott 167 U. S. 409.)” In the case at hand, the pharmacist is given notice of a penalty without any opportunity to state his position. Notice and opportunity to be heard must be provided for as a matter of right not of grace (Coe v Armour Fertilizer Works, 237 US 413). The notice also must be of such a nature as reasonably to convey the required information (Grannis v Ordean, 234 US 385); and it must afford a reasonable time for those interested to make their appearance. (Roller v Holly, 176 US 398.)
To show lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the hearing officer or Agency may indulge in a policy of penalizing those who elect to stand trial. (United States v Thompson, 476 F2d 1196, 1201.)
Section 6510 (subd 2, par a) of the Education Law provides as follows: “Subsequent instances of similar violations of minor or technical nature within a period of three years * * * may be resolved by the procedure set forth in paragraph c of this subdivision.” (Emphasis added.) Coincidentally, section 6510 (subd 2, par b) provides that if there is substantial evidence of professional misconduct “but that it is an initial violation of a minor or technical nature * * * the matter may be terminated by the issuance of an administrative warning.” (Emphasis added.) In other words, section 6510 (subd 2, par b) provides for an alterna *418 tive method as to the first offender by merely giving a warning. Section 6510 (subd 2, par b) further states: “Such warnings shall be confidential and shall-not constitute an adjudication of guilt or be used as evidence that the licensee is guilty of the alleged misconduct.” There are no provisions under subdivision b of section 6510 pertaining to initial violations in assessing a fine or penalty. To interpret section 6510 of the Education Law in the manner now carried out by the Agency would extend its meaning and allow the Agency to assess an initial violator where no provision is made.
Such interpretation would also render section 6510 (subd 2, par a) meaningless in reference to violations within a three-year period as provided in paragraph c of subdivision 2.
The amount of such penalties are based solely upon the information given by the investigator. The effectiveness of the investigator’s employment to some extent may be considered as to the number of violations he discovers. He, therefore, could be considered an interested party to the determination in arriving at the amount of the fine or penalty.
The court is of the opinion that respondents have not acted within the scope and intent of section 6510 of the Education Law.
By reason thereof, the court finds that the procedure as now carried out by the respondents exceeds section 6510 of the Education Law and petitioners are entitled to enjoin respondents from continuing the aforesaid procedure. The determination of November 26, 1983 as it pertains to petitioners is hereby declared void.